Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Brandon L. Pang
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 17 2025

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW LINT,<br><br>Defendant. | Case No.: 4:24-CR-06010-MKD<br><br>PLEA AGREEMENT |

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney the Eastern District of Washington, and Brandon L. Pang, Assistant United States Attorney for the Eastern District of Washington, and Defendant ANDREW LINT ("Defendant"), both individually and by and through Defendant's counsel, Ricardo Hernandez, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Indictment filed on May 9, 2024, charging Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(8), a Class C felony.

Defendant understands that the following potential penalties apply:

a.    a term of imprisonment of not more than 15 years;

b.    a term of supervised release of up to 3 years;

PLEA AGREEMENT - 1

      c.    a fine of up to $250,000; and

      d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

      a.    sentencing is a matter solely within the discretion of the Court;

      b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 2

c.   the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.   the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.   the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.   the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.   Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a.   pleading guilty in this case may have immigration consequences;

b.   a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.   removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.   no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

PLEA AGREEMENT - 3

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about April 3, 2024, within the Eastern District of Washington, Defendant knowingly possessed a firearm;

    b.    *Second*, the firearm had been shipped or transported from one state to another;

    c.    *Third*, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

PLEA AGREEMENT - 4

d.    *Fourth*, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On April 3, 2024 around 1401 hours, Kennewick Police Officer Lee Cooper was in the general area of 10th and Columbia Center Blvd, in Kennewick, WA, looking for speeding vehicles. Officer Cooper was riding his fully marked police motorcycle westbound on 10th Ave near Georgia Street. Officer Cooper was following a 2016 Dodge Dart, and noticed it appeared to be travelling noticeably faster than he was. Officer Cooper switched his motorcycle mounted moving radar to same direction mode and saw that the Dodge was going 54 mph in a 40-mph zone. This matched his visual estimation of the vehicle's speed. Officer Cooper activated his emergency equipment and stopped the vehicle on Montana St, just north of 10th Ave, in Kennewick, which is within the Easter District of Washington.

Officer Cooper contacted the male driver, later identified as the Defendant. Defendant was the sole occupant of the vehicle. Defendant appeared quite nervous and said he did not have his license with him. As Defendant was moving around in the passenger compartment to look for his license and registration, Officer Cooper noticed a hatchet on the floorboard by Defendant's feet. Officer Cooper also

PLEA AGREEMENT - 5

observed a white sweatshirt or jacket piled in an odd location partially on Defendant's right leg and partially on the center console. The sweatshirt appeared to be covering an item that was on the driver's side of the console between Defendant's leg, the seat, and the console.

Due to the shape and location of the item, Officer Cooper suspected it was a gun. Officer Cooper asked Defendant to move the jacket. When he moved the sweatshirt, Officer Cooper could see that the item was wrapped in a black bandana type fabric. Officer Cooper could also see the end of the butt stock and visually confirmed that it was a gun. Officer Cooper told Defendant that he could see that there was a gun there and asked Defendant to put his hands on the steering wheel. As he put his hands on the wheel, Defendant told Officer Cooper it was not his car. Defendant was cooperative throughout Officer Cooper's contact.

Once another officer arrived on scene, Officer Cooper asked Defendant to exit the vehicle and detained him in handcuffs. A records check showed Defendant was a convicted felon and was therefore prohibited from possessing firearms.

Officer Cooper applied for and was granted a state search warrant. Upon executing said warrant, officers recovered a Remington 870, 12-gauge shotgun, SN C224869A. The shotgun appeared to have a short barrel, and contained 5 shotgun shells, including one in the chamber. Upon further inspection, it was determined that the shotgun's barrel was less than 18 inches in length. Post *Miranda*, LINT admitted that he knew the gun was in the vehicle and claimed that he was trying to get rid of it.

An interstate nexus report was conducted and revealed that the shotgun was manufactured in the state of New York, and therefore had traveled in interstate commerce.

Prior to April 24, 2024, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Further, Defendant knew he had

PLEA AGREEMENT - 6

previously been convicted of a crime punishable by imprisonment for a term of more than a year.

8. The United States' Agrees Not to File New Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. *Base Offense Level*

The United States and the Defendant agree that the base offense level is 20, as the offense involved a firearm that is described in 26 U.S.C. § 5845(a), to wit: a shotgun having a barrel of less than 18 inches in length; and Defendant was a prohibited person at the time Defendant committed the instant offense. USSG §2K2.1(a)(4)(B)(ii)(I).

b. *Special Offense Characteristics*

The United States and Defendant agree that a 2-level enhancement should apply as the offense involved a destructive device. USSG §2K2.1(b)(3)(B), *see* comment. (n. 7).

The United States and Defendant agree that no other Special Offense Characteristics should apply.

c. *Acceptance of Responsibility*

The United States will recommend that Defendant receive a 3-level downward adjustment for acceptance of responsibility, pursuant to USSG

PLEA AGREEMENT - 7

§ 3E1.1(a), (b), if Defendant does the following:

  i. accepts this Plea Agreement;

  ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

  iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

  iv. provides complete and accurate information during the sentencing process; and

  v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

  d. *Agreements Regarding Representations to the Court*

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

PLEA AGREEMENT - 8

i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 9

vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e.    *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

f.    *Criminal History*

PLEA AGREEMENT - 10

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10.    Incarceration

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States agrees to recommend the low end of the Guidelines, as calculated by the United States.

Defendant may recommend any legal sentence.

11.    Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the

PLEA AGREEMENT - 11

conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12.   Criminal Fine

The United States and Defendant recommend that the Court does not impose a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

PLEA AGREEMENT - 12

13.     Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Remington 870, 12-gauge shotgun, bearing serial number C224869A, and loaded ammunition

Defendant acknowledges that the assets listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

14.     Mandatory Special Penalty Assessment

PLEA AGREEMENT - 13

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.    Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17.    Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes on any grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

PLEA AGREEMENT - 14

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b. The United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any

PLEA AGREEMENT - 15

objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Stephanie Van Marter
Acting United States Attorney

_____    ___7/17/25___
Brandon L. Pang                              Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained

PLEA AGREEMENT - 16

in this Plea Agreement.  No one has threatened or forced me in any way to enter into this Plea Agreement.  I agree to plead guilty because I am guilty.

_____     _7/17/25_
Andrew Lint                          Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's guilty plea.

_____     _7/17/25_
Ricardo Hernandez                    Date
Attorney for Defendant

PLEA AGREEMENT - 17